IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW E. GIGANTE, and<br>JOANNE GIGANTE, h/w<br>5185 Pintail Court<br>Bensalem, PA  19020,<br>　　　　　　　Plaintiffs, | CIVIL ACTION<br><br>NO. |
| v. | |
| JOHN DOES (1-10),<br>BENSALEM TOWNSHIP POLICE DEPT.,<br>2400 Byberry Road<br>Bensalem, PA  19020 | |
| and | |
| JOHN DOES (11-20),<br>BRISTOL TOWNSHIP POLICE DEPT.,<br>2501 Bath Road<br>Bensalem, PA  19020, | |
| and | |
| BENSALEM TOWNSHIP,<br>2400 Byberry Road<br>Bensalem, PA  19020 | |
| and | |
| BRISTOL TOWNSHIP,<br>2501 Bath Road<br>Bristol, PA  19007,<br>　　　　　　　Defendants. | JURY TRIAL DEMANDED |

**CIVIL ACTION - COMPLAINT**

1

Plaintiffs, Andrew E. Gigante and Joanne Gigante (hereinafter "Plaintiffs"), by and through their attorneys, Frost & Zeff, do hereby file this Complaint and aver:

## I.   INTRODUCTION

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiffs to redress the intentional violations by Defendants of the rights secured to them by the laws of the United States of America and the Commonwealth of Pennsylvania.

## II.   JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

3. Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4. The amount in controversy exclusive of interest and costs exceeds the sum of One Hundred Thousand ($100,000.00) Dollars.

## III.   VENUE

5. All the claims herein arose within the jurisdiction of the United States District Court of the Eastern District of Pennsylvania and involve Defendants who reside within the jurisdictional limits.  Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## IV.   PARTIES

6. Plaintiff Andrew E. Gigante (hereinafter "Mr. Gigante" and/or "Plaintiff") is an adult individual citizen of the Commonwealth of Pennsylvania, residing therein at 5185 Pintail

Court, Bensalem, Pennsylvania 19020.

7. Plaintiff Joanne Gigante (hereinafter "Mrs. Gigante" and/or "Plaintiff") is an adult individual citizen of the Commonwealth of Pennsylvania, residing therein at 5185 Pintail Court, Bensalem, Pennsylvania 19020.

8. Mr. Gigante and Mrs. Gigante are husband and wife.

9. Defendant John Does (1-10) are to be named Special Response Team police officers of the Bensalem Township Police Department, located at 2400 Byberry Road, Bensalem, Pennsylvania 19020.

10. Defendant John Does (11-20) are to be named Special Response Team police officers of the Bristol Township Police Department, located at 2501 Bath Road, Bristol, Pennsylvania 19007.

11. Defendant Bensalem Township a municipal corporation within the Commonwealth of Pennsylvania located at 2400 Byberry Road, Bensalem, Pennsylvania 19020.

12. Defendant Bristol Township a municipal corporation within the Commonwealth of Pennsylvania located at 2501 Bath Road, Bristol, Pennsylvania 19007.

## V.   FACTS

13. On August 24, 2004, Mr. Gigante was feeling depressed. At approximately 6:00 p.m. that evening, Mr. Gigante's wife, Plaintiff Joanne Gigante, went to visit her sister and brother-in-law, leaving Mr. Gigante home alone at Plaintiffs' residence, 5185 Pintail Court, Bensalem, Pennsylvania.

14. During this time period, Plaintiff had a history of using a prescription painkiller, OxyContin, and regularly abusing alcohol.

15. Between the time when Mrs. Gigante left the residence, and approximately 8:00 p.m., Mr. Gigante ingested a large quantity of OxyContin and alcohol.

16. Mr. Gigante, then in an intoxicated state, began feeling suicidal, whereupon he drafted a suicide note to his wife and left it for her in the dining room.

17. At approximately 8:00 p.m., Mr. Gigante telephoned his brother-in-law, at whose residence Mrs. Gigante was visiting at the time. Upon speaking to Mr. Gigante, Mr. Gigante's brother-in-law realized that Mr. Gigante was not feeling well and, accordingly, suggested to Mrs. Gigante that she go home to make sure Mr. Gigante was alright.

18. Mr. Gigante subsequently ingested more OxyContin and a quantity of Valium and then went to sleep in his second-floor bedroom.

19. Shortly thereafter, Mrs. Gigante arrived home to find Mr. Gigante asleep in bed with a hand gun resting on his chest.

20. At all times, Mr. Gigante has had permits for any and all firearms he possessed.

21. Mrs. Gigante attempted to communicate with Mr. Gigante but, finding him incoherent, proceeded downstairs.

22. Mr. Gigante subsequently rose from his bed, followed his wife downstairs, smoked a cigarette and then returned to his bed whereupon he fell back to sleep.

23. At this time, Mrs. Gigante noticed Mr. Gigante's suicide note. Upon reading only the first few lines, Mrs. Gigante became alarmed and called 911.

24. A short time later, Bensalem Township police officers arrived at Plaintiffs' residence whereupon they removed Mrs. Gigante from the home, evacuated the surrounding houses, blocked off traffic from the street, and set up a perimeter around Plaintiffs' residence.

25. Several hours later, at approximately 2:00 a.m. on what was now August 25, 2004, Defendant Bensalem Township Police Department Special Response Team officers and Defendant Bristol Township Police Department Special Response Team officers entered Plaintiffs' house, proceeded to Plaintiffs' second-floor bedroom, and forcibly took Mr. Gigante into custody. Mr. Gigante had been sleeping soundly in his bed. Defendant officers then handcuffed Mr. Gigante and lead him from his bedroom to a police vehicle that was waiting on the street.

26. In the course of taking Mr. Gigante into custody and removing him from his house, Defendant Bensalem Township Police Department Special Response Team officers and/or Defendant Bristol Township Police Department Special Response Team officers employed excessive force. Such excessive force directly and proximately caused Plaintiff to suffer a fractured shoulder and other injuries.

27. At no time did Mr. Gigante resist arrest.

28. Defendants' use of force was in excess of any force required to take Plaintiff into custody, grossly out of proportion to any need for the use of force by Defendant officers, not employed in good faith, and caused severe injuries to Plaintiff.

29. As a direct and proximate result of Defendants' actions, Mr. Gigante had to undergo two (2) shoulder replacement surgeries. The first on September 3, 2004, and the second on October 22, 2004. Doctors have confirmed that Plaintiff will never regain full use of his shoulder.

30. Mr. Gigante owns and operates a janitorial supply business, in which he is the sole proprietor. As a result of his broken shoulder, Mr. Gigante missed a considerable amount

of work due to medical treatment and, even when able to work, was severely limited in his ability to carry out the duties of his job due to his injury. As a direct result, Mr. Gigante's business suffered considerable losses and lost profits.

## COUNT I
### PLAINTIFF ANDREW E. GIGANTE v. ALL DEFENDANT JOHN DOE POLICE OFFICERS
### VIOLATION OF 42 U.S.C. § 1983

31. Plaintiffs incorporate by this reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 30 above.

32. Defendant Officers used excessive force thereby violating Plaintiff's rights under the laws of the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments, and his rights under the Constitution and laws of the Commonwealth of Pennsylvania.

33. Without any justification or provocation, Defendants willfully and maliciously caused Plaintiff to suffer injuries.

34. As a direct and proximate result of the aforesaid acts of Defendant Police Officers committed under color of their authority as Bensalem Township Police Officers and Bristol Township Police Officers, Plaintiff suffered grievous bodily harm which is a violation by said Defendant Police Officers of the laws and Constitution of the United States, in particular, the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, and was further in violation of the Statutes of the Commonwealth of Pennsylvania and the Constitution of the United States all of which makes said Defendants liable to Plaintiff.

35. The acts committed by Defendants constitute intentional misconduct, excessive use of force and deliberate indifference to Plaintiff which caused the previously described bodily injuries to the Plaintiff, monies for legal fees, and other economic losses in violation of his constitutional rights as previously set forth in the aforementioned paragraphs. The acts constitute an excessive use of force all in violation of the Fourth Amendment to the Constitution and 42 U.S.C. § 1983.

36. As a result of the aforementioned occurrence, and due to the intentional and willful acts of the Defendants, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Andrew E. Gigante demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

### COUNT II
### PLAINTIFF ANDREW E. GIGANTE v. ALL DEFENDANT JOHN DOE POLICE OFFICERS
### ASSAULT & BATTERY

37. Plaintiffs incorporate by this reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 36 above.

38. Defendants willfully, intentionally, and maliciously inflicted assaults and batters upon Plaintiff, causing him the bodily injury and damages aforementioned.

39. As a result of the aforementioned occurrence, and due to the intentional and willful acts

of the Defendants, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Andrew E. Gigante demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

### COUNT III
### PLAINTIFF ANDREW E. GIGANTE v. DEFENDANT TOWNSHIPS
### VIOLATIONS OF 42 U.S.C. § 1983 AND THE FIRST AMENDMENT
### FAILURE TO TRAIN

40. Plaintiffs incorporate by this reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 39 above.

41. Defendants Bensalem Township and Bristol Township failed to properly train and supervise the Special Response Team officers of the Townships of Bensalem and Bristol.

42. As such, Defendant Townships were grossly negligent, deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

43. Defendant Townships' failures were the moving force behind the actions of Defendant Special Response Team officers resulting in the injuries to Plaintiff aforesaid.

44. As a direct and proximate result of the acts and omissions of Defendant Townships, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and

rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Andrew E. Gigante demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## COUNT IV
### PLAINTIFF ANDREW E. GIGANTE v. ALL DEFENDANT JOHN DOE POLICE OFFICERS
### FALSE ARREST

45. Plaintiffs incorporate by this reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 44 above.

46. Defendants falsely arrested Plaintiff.

47. As a result of the aforementioned occurrence, and due to the intentional and willful acts of the Defendants, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Andrew E. Gigante demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## COUNT V
### PLAINTIFF ANDREW E. GIGANTE v. ALL DEFENDANT JOHN DOE POLICE OFFICERS
### FALSE IMPRISONMENT

48. Plaintiffs incorporate by this reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 47 above.

49. The Plaintiff was falsely imprisoned as a result of the intentional acts of the Defendants.

50. As a result of the aforementioned occurrence, and due to the intentional and willful acts of the Defendants, Plaintiff has, and will in the future, suffer pain, emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Andrew E. Gigante demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## COUNT VI
### PLAINTIFF ANDREW E. GIGANTE v. DEFENDANT TOWNSHIPS
### VIOLATION OF 42 U.S.C. § 1983

51. Plaintiffs incorporate by this reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 50 above.

52. Defendants Bensalem Township and Bristol Township developed and maintained a number of deficient policies and/or customs which caused the deprivation of Plaintiff's constitutional rights.

53. Defendants' policies and customs encouraged the Special Response Team officers of the Townships of Bensalem and Bristol to believe that they could violate the constitutional rights of Plaintiff with impunity and with the explicit or tacit approval of the Defendants Bensalem Township and Bristol Township.

54. As a direct and proximate result of the aforementioned acts and omissions of Defendant Townships, Plaintiff has, and will in the future, suffer pain, emotional distress,

humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, past and future medical, surgical, hospitalization, nursing, and rehabilitation expenses, and physical restrictions and impairments.

WHEREFORE, Plaintiff Andrew E. Gigante demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## COUNT VII
## PLAINTIFF JOANNE GIGANTE v. ALL DEFENDANTS
## LOSS OF CONSORTIUM

55. Plaintiffs incorporate by this reference herein as though recited verbatim at length the allegations contained in paragraphs 1 through 54 above.

56. As a result of the negligence of all Defendants herein, Mrs. Gigante has suffered and will continue to suffer the loss of her husband's services, support, companionship and consortium.

WHEREFORE, Plaintiff Joanne Gigante demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

       **FROST & ZEFF**


       S/Mark B. Frost

BY:   _____
       MARK B. FROST, ESQUIRE
       Pier 5 at Penn's Landing
       7 N. Columbus Boulevard
       Philadelphia, PA  19106
       (215) 351-3333
       Attorneys for the Plaintiff